FILED
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

UNITED STATES DISTRICT COURT   21 JUN -4 AM 10: 47
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                          CRIMINAL NO. _3:21cr-52-BJB____

DINO J. GAUDIO                                                    DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United

States of America, by Michael A. Bennett, Acting United States Attorney for the Western

District of Kentucky, and defendant, Dino J. Gaudio, and his attorneys, Brian Butler and Michael

Denbow, have agreed upon the following:

1.      Defendant agrees to waive Indictment by the grand jury and to plead guilty to a

felony Information which will be filed against defendant by the United States Attorney for the

Western District of Kentucky.  That information will charge defendant with a violation of Title

18, United States Code, Section 875(d).

2.      Defendant has read the charge against him contained in the Information, and the

charge has been fully explained to him by his attorney.  Defendant fully understands the nature

and elements of the crime with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Count 1 in the Information in

this case.  Defendant will plead guilty because he is in fact guilty of the charge.  The parties

agree to the following factual basis for this plea:

> On or about March 17, 2021, during an in-person meeting in the Western District
> of Kentucky, Jefferson County, Kentucky, personnel at the University of
> Louisville informed the defendant that his employment contract was not being

renewed. In response, the defendant alleged that the University of Louisville men's basketball program had violated National College Athletic Association rules in its production of recruiting videos for prospective student-athletes and its use of graduate assistants in practices and workouts and threatened to report these alleged violations to the media, unless he was paid his salary of $25,000 a month for an additional 17 months, or received a lump sum payment of $425,000, the equivalent of 17 months of salary.

In the afternoon of March 17, 2021, as a continuation of this threat, the defendant sent a text message to University of Louisville personnel containing one of the recruiting videos he was threatening to send to the media. This text message was sent from a phone in the Western District of Kentucky, Jefferson County, Kentucky, to another phone in the Commonwealth of Kentucky. However, prior to reaching the destination phone, it had to travel to either a Verizon Wireless cellular tower that was in another state or a Verizon Wireless server that was in another state.

Later that same day, the defendant made a telephone call to University of Louisville personnel and provided further instructions concerning his threat, namely that information concerning his payments should be put in a contract or memorandum of understanding by noon the following day.

On the following day, March 18, 2021, the defendant showed up around noon at the University of Louisville. At that point, compliance personnel at the University of Louisville had learned of the defendant's allegations and had self-reported the alleged violations to the National College Athletic Association. The University of Louisville did not make the requested payments to the defendant.

4. Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of two years, a maximum fine of $250,000, and up to a one-year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions,

2

which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be

3

able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

        C.     At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

     8.     Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

     9.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office by the date of sentencing.

     10.     At the time of sentencing, the United States will

-agree that a sentence of probation, not including a term of imprisonment, is appropriate.

-agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.

-agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or

> otherwise demonstrates a lack of acceptance of responsibility.
> Should such conduct occur and the United States, therefore,
> opposes the reduction for acceptance, this plea agreement remains
> binding and the defendant will not be allowed to withdraw his plea.

11.     Both parties have independently reviewed the Sentencing Guidelines applicable in this case. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history or the calculation of the total offense level.

12.     Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

13.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

14.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

15.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

17.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

18.     If the Court refuses to accept this agreement and impose sentence in accordance with its terms, specifically with the United States' recommendation of a low-end guideline fine and a sentence of probation without a term of imprisonment, pursuant to Fed. R. Crim. P.

11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

19.    Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

20.    This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been

or will be made to defendant in connection with this case, nor have any predictions or threats

been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
Acting United States Attorney
By:

_____          6-4-2021
Amanda E. Gregory                          Date
Assistant United States Attorney

        I have read this Agreement and carefully reviewed every part of it with my attorney.  I
fully understand it and I voluntarily agree to it.

_____          6-4-21
Dino J. Gaudio                             Date
Defendant

        I am the defendant's counsel.  I have carefully reviewed every part of this Agreement
with the defendant.  To my knowledge my client's decision to enter into this Agreement is an
informed and voluntary one.

_____          6-4-21
Brian Butler                               Date
Michael Denbow
Counsel for Defendant

MAB:AEG

8